# COURT OF ERRORS AND APPEALS.

---

DANIEL BRAY, APPELLANT, AND MARY ANN BRAY,
RESPONDENT.

Sufficient evidence of adultery on bill for divorce.

---

This case, and the decision of the Chancellor thereupon, is reported *ante p.* 506.

*P. D. Vroom*, for the appellant.

No counsel appeared for the respondent.

RANDOLPH, Justice, delivered the opinion of the court.

The complainant asks to be divorced from his wife, on the ground of adultery, stated in the bill to have been committed in his own house, at a particular time, and with an individual named ——. It is proved by two witnesses, old Mrs. Bray and her sister, that ——, the individual named, came to the complainant's house, in his absence, and remained there all night; that, during evening, some familiarity took place, which elicited reproof from the mother, that defendant retired to bed before the rest of the family, declining to have the company of one of the children; and that ——, having formerly worked for the complainant, and being familiar with the house, was permitted to remain up until after the others retired to bed, when he also went up stairs to bed; his room adjoined that of defendant, and their

doors were near each other. That sometime in the night Mrs. Burdett, (the sister,) being up with the toothache, and hearing a strange and improper noise in defendant's room overhead, she went up to see the cause; it was bright moonlight, and the win dows without shutters or curtains, and neither door entirely closed; passing by that of ————, she saw that he was not in the room, but on looking through defendant's door she saw him in bed with defendant, she being or appearing to be asleep. The witness immediately withdrew to her own bed, remarking to her sister that she had seen a sight. No response being given thereto, the sister being asleep when witness left, and we may also infer when she returned, the occurrence was never related until some weeks after, and not until after defendant had left the abode of her husband. If the witness speaks truly and relates what actually took place, complainant is entitled to a divorce, unless the occurrence took place at his instance, or by his procurement, or the whole matter was got up to bring about a divorce. Complainant was gone to New York, and remained all night, according to his usual custom, to dispose of the produce of his farm, and there is no evidence or circumstance going to show that he knew ———— was coming to his house, or that he was there, or that the circumstance itself took place, until weeks after the occurrence. According to the evidence, then he could have been no party to the conspiracy, and if it was got up by others without his participation, it cannot affect his complaint; but there were no others to get it up, except two old women. ———— came to the house in the evening, on an errand, to return a borrowed wagon; he presumed on his acquaintanceship, and remained without other evidence of being invited than being informed where he was to sleep. There is no evidence that he was even invited or in any way induced to come, or that his coming was previously known by either party, or any of the family, or that even the defendant was aware of his coming, or that she had premeditated a plan to create a forfeiture of her dower, without any stipulation agreed on between her and her husband, then there is no evidence that this meeting was brought about by conspiracy or pre-arrangement for any purpose whatever, and if so, there is nothing to defeat the prayer of the bill, unless we disbelieve the evidence of

Bray v. Bray.

the fact. The character of Mrs. Burdett stands before us un-impeached by any witness; her story is confirmed by Mrs. Bray, who testifies that ——— bed was not slept in that night, and by the loose character of the defendant herself. She had married complainant when pregnant by another man, and did not hesitate to tell him and his family that the child born within three months after the marriage was not his; it is also strongly confirmed by the fact that although the bill charges the crime to have been committed with ———, and specifies time and place, all of which is specifically denied by the answer, yet being proved by Mrs. Burdett and Mrs. Bray, defendant neither calls ——— to disprove the charge, or accounts for the absence of his testimony, although she has witnesses sworn to prove much less important matters. We have no right to believe Mrs. Burdett has perjured herself, for there is no evidence to warrant it; she could not have been mistaken, for it was bright moonlight, and her own wakefulness, and the situation of the rooms and the beds, enabled her to speak very positively that in one he was not, in the other he was. True, she did not relate the circumstance immediately, not that night, because it is presumed her companion was asleep, for she does not even testify that she heard her say she had seen a sight, not until after defendant had left the bed and board of her husband, because she thought he would overlook it, as he had defendant's previous conduct, and she did not wish to make difficulty between them. There is nothing unreasonable or imprudent in this; when her information would be beneficial and not injurious, she related it, and not until then. The circumstance neither impeaches her veracity nor proves her mistaken. I think the evidence requires a decree for divorce, and that the decision of the Chancellor should be reversed.

The court, (NEVIUS and OGDEN, Justices, and SCHENCK, Judge, dissenting,) concurred in this opinion.

Decree reversed.